MARSTILLER, J.
 

 L.J. appeals a final order terminating her parental rights to her two children, D.C., a girl aged five, and D.C., a boy aged three-and-a-half.
 
 [1]
 
 She asserts the trial court erred in terminating her parental rights under section 39.806(l)(e), Florida Statutes, because the Department failed to prove her drug and alcohol addiction would not improve. She further asserts the trial court deprived her of due process by finding her non-eompliant with tasks that were included in her mediation agreement but not in her case plan. We affirm the termination order in all respects, but we find L.J.’s first issue on appeal merits discussion.
 

 L.J.’s children have been in the custody of the Department of Children and Family Services (“Department”) since July 13, 2008, when the court entered an Order for Placement in Shelter. The then four-year old and two-year old had been left unattended in the home for an unknown period. The parents were nowhere to be found when their paternal grandmother arrived from Alabama after receiving a call about the children. The grandmother told the Department’s investigator L.J. habitually left the children alone without supervision, failed to have adequate food in the home, and lost utility services for lack of payment. The children had witnessed at least one episode of domestic violence between their parents for which the father was arrested and jailed. When L.J. finally returned home, she insisted she had been gone only twenty minutes although the children had been found alone more than four hours earlier. She had beer in her purse and tested positive for marijuana.
 

 After the Department filed a Petition for Dependency, L.J. signed a mediation agreement in which she agreed to “maintain stable housing,” “maintain a lawful source of income,” participate in supervised visitation with her children, and enter into a case plan “consistent with the terms of [the] agreement.” The case plan contained several specific tasks L.J. had to complete, in addition to abiding by the mediation agreement, to be reunited with her children. These included: completing a parenting course; undergoing psychosocial and substance abuse evaluations, and following the resulting recommendations; completing a domestic violence program; attending relationship counseling with the children’s father (should she remain in a relationship with him); submitting to random breathalyzer and urinalysis tests; and attending Narcotics/Alcoholics Anonymous. The case plan further required her to comply with all court orders. The court accepted the mediation agreement and case plan, and adjudicated the children dependent on August 19, 2008. The case plan was to be completed by February 19, 2009, but was extended to July 1, 2009.
 

 On July 15, 2009, the Department filed a Verified Petition for Termination of Parental Rights and Permanent Commitment for
 
 *101
 
 Purposes of Subsequent Adoption. Based upon evidence presented by the Department, the trial court terminated L.J.’s parental rights finding that, under section 39.806(l)(e)l., Florida Statutes (2009),
 
 [2]
 
 L.J. had failed to comply with her case plan. The court further found termination to be in the children’s manifest best interests and the least restrictive means to establish permanency for them.
 

 Relying on
 
 M.H. v. Department of Children & Families,
 
 866 So.2d 220 (Fla. 1st DCA 2004) (on clarification), L.J. argues the trial court wrongly terminated her parental rights without clear and convincing evidence that there is no reasonable basis to believe she will improve in her efforts to beat alcohol and drug addiction. But in
 
 M.H.
 
 the Department proceeded under section 39.806(l)(c), Florida Statutes, which allows a parent’s rights to be terminated if her conduct “demonstrates that the continuing involvement of the parent ... in the parent-child relationship threatens the life, safety, well-being, or physical, mental, or emotional health of the child irrespective of the provision of services.” Because in
 
 M.H.
 
 the Department sought to terminate the appellant’s rights due solely to her drug addiction, we reiterated the principle that parental rights cannot be terminated based on drug addiction alone, and held the Department must, in order to justify termination
 
 under section 39.806(l)(c),
 
 prove both that continued interaction with the parent would threaten the child’s life, safety, or health regardless of the provision of services
 
 and
 
 that “there is no reasonable basis to believe the parent will improve.”
 
 Id.
 
 at 222-23. Notably, the record in
 
 M.H.
 
 showed the mother had sought both outpatient and inpatient treatment on her own, demonstrating a “strong desire to overcome her addiction and parent her children.”
 
 Id.
 
 at 223. Thus we found the record “demonstrate^ a reasonable basis to believe Appellant’s problems could be improved.”
 
 Id.
 

 We have not extended
 
 M.H.
 
 to terminations under section 39.806(l)(e) and we decline to do so in this case. First, L.J.’s substance abuse is not the sole basis upon which the Department sought, and the court ordered, termination of her parental rights. The record contains ample evidence showing not only L.J.’s continued drug and alcohol use despite availability of substance abuse services: She tested positive for drugs and/or alcohol several times during the term of the case plan, admitted to using marijuana within “a couple of months” of the termination hearing, consumed alcohol the night before and the morning of the second day of the hearing, and appeared drunk at the hearing with slurred speech and unable to keep her eyes open. She also failed outright on several occasions to submit to breathalyzer and urinalysis testing; she missed eight scheduled substance abuse counseling sessions; she did not attend relationship counseling although her relationship with the children’s father continued (she was three months pregnant by him at the time of the termination hearing); she missed
 
 *102
 
 roughly half the scheduled supervised visits with her children during the case plan term; and she failed to maintain stable housing and income.
 

 Further, unlike
 
 M.H.,
 
 the record before us does not demonstrate L.J.’s potential to improve. On the contrary, L.J. testified she does not believe she has an addiction problem. Her substance abuse counselor testified that while L.J. has acquired the skills and tools she needs to remain sober, she does not apply them when needed. It took L.J, ten months to complete a three-month course of counseling because she missed eight sessions. Because of her sporadic attendance, she has continued to struggle to maintain sobriety. The counselor has recommended further treatment for L.J. through after care following completion of substance abuse treatment. But there is no evidence in the record that L.J. has enrolled or is participating in after care.
 

 For similar reasons, we distinguish the two other cases cited by L.J. which she says apply the additional evidentiary requirement articulated in
 
 M.H.
 
 to terminations under section 39.806(l)(e). In
 
 E.R. v. Department of Children & Family Services,
 
 937 So.2d 1196, 1198 (Fla. 3d DCA 2006), the court reversed the order terminating the father’s parental rights primarily because his “substantial progress in addressing and remedying” his drinking problem demonstrated substantial compliance with his case plan. Citing
 
 M.H.,
 
 the court found the record affirmatively demonstrated a likelihood the father’s drinking problem would improve. The evidence showed the father had tested negative on every urinalysis, he had significantly curbed his drinking, he expressed the desire to complete substance abuse treatment, and he had contacted the Department to find a treatment facility closer to home so as not to interfere with his job.
 
 Id.
 
 at 1199.
 

 The mother’s alcohol abuse was similarly the center issue in
 
 D.P. v. Department of Children & Family Services,
 
 930 So.2d 798 (Fla. 3d DCA 2006). While the Department alleged the mother failed to comply with her case plan by not reporting alcohol-related arrests, it also attempted to tie the mother’s alcohol abuse to purported egregious conduct involving a domestic incident with her mother. .
 
 Id.
 
 at 801.
 
 See
 
 section 39.806(l)(f), Florida Statutes. The court cited
 
 M.H.
 
 not in relation to case plan noncompliance under section 39.806(l)(e), but to the “egregious conduct” ground for termination under section 39.806(l)(f) because it rested solely on the mother’s alcohol abuse.
 
 D.P.
 
 at 802. As in
 
 E.R.
 
 and
 
 M.H.,
 
 the record in
 
 D.P.
 
 showed the mother had made affirmative independent efforts to get into substance abuse treatment and was showing progress.
 
 Id.
 
 Thus the court determined that, without more,
 
 D.P.
 
 ’s alcohol addiction was insufficient to justify terminating her parental rights.
 

 The record in this case contains competent, substantial evidence supporting the order terminating L.J.’s parental rights. The order is therefore AFFIRMED.
 

 KAHN and ROWE, JJ., concur.
 

 [1]
 

 . At the termination hearing, the children's father voluntarily surrendered his parental rights under section 39.806(l)(a), Florida Statutes. The termination of his rights is not at issue in this appeal.
 

 [2]
 

 . Section 39.806(1 )(e) 1., Florida Statutes (2009), authorizes termination of parental rights when a case plan has been filed and ‘‘[t]he child continues to be abused, neglected, or abandoned by the parent or parents.” The statute provides further:
 

 The failure of the parent or parents to substantially comply with the case plan for a period of 9 months after an adjudication of the child as a dependent child or the child’s placement into shelter care, whichever occurs first, constitutes evidence of continuing abuse, neglect, or abandonment unless the failure to substantially comply with the case plan was due to the parent's lack of financial resources or to the failure of the department to make reasonable efforts to reunify the parent and child.
 

 Id.